UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RASHON DUPREE, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> SALEM COUNTY CORRECTIONAL : <br> FACILITY, : <br> : <br> Defendant. : <br> : | Civ. No. 22-7267 (RBK) (MJS) <br><br><br> OPINION |

**ROBERT B. KUGLER, U.S.D.J.**

I.   INTRODUCTION

Plaintiff, Rashon Dupree ("Plaintiff" or "Dupree"), is a state prisoner proceeding *pro se* with a civil rights complaint. (*See* ECF 1). Previously, this Court granted Plaintiff's application to proceed *in forma pauperis*. (*See* ECF 4).

This Court must screen the allegations of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether they are frivolous or malicious, fail to state a claim upon which relief may be granted, or whether the allegations seek monetary relief from a defendant who is immune from suit. For the following reasons, Plaintiff's complaint shall proceed in part.

II.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is now a state prisoner incarcerated at the South Woods State Prison in Bridgeton, New Jersey. However, at the time Plaintiff submitted his complaint and the allegations contained therein, he was a pretrial detainee at the Salem County Correctional Facility in Woodstown, New Jersey. He names the Salem County Correctional Facility as the sole Defendant in the caption of his complaint. However, for the reasons discussed below, the

Clerk will be ordered to add Defendant Officer White and a John Doe Correctional Officer as named Defendants in this action.

The allegations of the complaint shall be construed as true for purposes of this screening opinion. Plaintiff alleges from 6/24/22 – 7/6/22, 8/15/22 – 9/2/22 and 9/12/22 to 9/26/22 he was in Unit D as the Salem County Correctional Facility. (*See* ECF 1 at 5). He could not leave his cell and he was not allowed to shower for at least ten days at times. (*See id.*). He further claims his cell did not have any sink or toilet water. (*See id.* at 6). He also notes he was not given breakfast from 9/12/22 – 9/26/22.

Plaintiff claims from 8/15/22 to 9/2/22 he reported to Sgt. Huff and Lt. Jones that he was being harassed by Lt. Crawford. (*See id.*). Plaintiff further wrote to Sgt. Dorsey so he could be housed in a different holding facility. (*See id.*). According to Plaintiff, Crawford verbally threatened Plaintiff by stating she would make his life a living hell and that he would suffer. (*See id.*). Plaintiff also states Officer White pointed a gun at him "everytime" Plaintiff went to go eat or get medicine and that he further threatened him by stating he would shoot Plaintiff one day. (*See id.*).

Finally, Plaintiff alleges that on December 5, 2022, an unnamed Correctional Officer fractured Plaintiff's wrist by twisting it to put Plaintiff in handcuffs even though Plaintiff was not resisting. (*See id.*).

Plaintiff seeks to be housed in a different facility. However, as noted, Plaintiff is now no longer incarcerated at Salem County Correctional Facility. He also seeks a restraining order against Crawford. Finally, Plaintiff seeks monetary damages.

### III.  LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *see also Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

3

*Pro se* pleadings, as always, are liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In this case, Plaintiff is seeking redress under 42 U.S.C. § 1983. A plaintiff may have a cause of action under § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

IV.     DISCUSSION

A. <u>Salem County Correctional Facility</u>

The only named Defendant Plaintiff lists in the caption of his complaint is the Salem County Correctional Facility. Plaintiff's claims against the Salem County Correctional Facility shall be dismissed with prejudice. Indeed, a county correctional facility is not a "person" subject

to suit under § 1983. *See, e.g.*, *Coleman v. Corizon Med.*, No. 18-4611, 2019 WL 5704501, at *3 (D.N.J. Nov. 5, 2019); *Walker v. Cty. of Gloucester*, No. 15-7073, 2018 WL 1064210, at *3 (D.N.J. Feb. 27, 2018) (collecting cases); *see also Boomer v. Lewis*, 541 F. App'x 186, 192 (3d Cir. 2013).

    B. <u>Conditions of Confinement</u>

Nevertheless, this Court also construes Plaintiff's complaint as attempting to bring claims against Crawford, White and an unnamed John Doe Officer. Among the conditions of confinement that Plaintiff raises are that he lacked sink and toilet water for a period while detained at Salem County Correctional Facility and that he was not permitted to shower for days, if not weeks.

A prisoner asserting a condition of confinement claim must show that the alleged deprivation is "sufficiently serious" and that he has been deprived of the "minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). To the extent Plaintiff was a pretrial detainee at the time giving rise to his claims, his conditions of confinement claims are analyzed under the Fourteenth Amendment as opposed to the Eighth Amendment. *See Hubbard v. Taylor*, 538 F.3d 229, 231 (3d Cir. 2008) (explaining that Fourteenth Amendment applies to pretrial detainees' conditions of confinement claim). A plaintiff must allege that the prison official acted with deliberate indifference to the prisoner's health or safety. *See Wilson v. Setter*, 501 U.S. 294, 298–99 (1991). To show deliberate indifference, a plaintiff must allege the named prison official knew of and disregard constitutional violations. The United States Court of Appeals for the Third Circuit has stated as follows with respect to this standard:

> we adopted a subjective knowledge standard to establish deliberate indifference, requiring a showing that prison officials actually

> knew of and disregarded constitutional violations. *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001). This tracks the general standard for liability, which requires a showing that each defendant was personally involved in the alleged wrongdoing. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Id*. And a defendant's knowledge of a risk to health and safety "can be proved indirectly by circumstantial evidence to the effect that the excessive risk was so obvious that the official must have known of the risk." *Beers-Capitol*, 256 F.3d 120, 133 (3d Cir. 2001).

*Thomas v. Tice*, 948 F.3d 133, 138 (3d Cir. 2020).

Plaintiff's complaint fails to state with any facial plausibility that Defendants Crawford, White or the John Doe Correctional Officer acted with deliberate indifference with respect to Plaintiff's conditions of confinement allegations. Indeed, he does not state that any of these three Defendants had personal knowledge or acquiesced in the purported unconstitutional conditions of confinement. Plaintiff's allegations within his complaint relate to the purported threats made by Crawford and White to Plaintiff and to the John Doe Correctional Officer's use of force in handcuffing Plaintiff. Thus, even if this Court were to assume Plaintiff's conditions rise to the level of a constitutional violation, his complaint lacks the necessary deliberate indifference allegations against these particular three individuals. Accordingly, Plaintiff's conditions of confinement claims are dismissed without prejudice for failure to state a claim upon which relief may be granted.

C. Lt. Crawford

This Court construes Plaintiff's complaint as also attempting to bring claims against Lt. Crawford. To reiterate, Plaintiff argues Crawford verbally threatened him. However, allegations of threats or verbal harassment without more do not state a claim under § 1983. *See Brown v. Hamilton Twp. Police Dep't Mercer Cnty., N.J.,* 547 F. App'x 96, 97 (3d Cir. 2013) (per curiam)

6

( [A]llegations of verbal abuse or threats, absent any injury or damage, are not cognizable under § 1983.") (citing *McBride v. Deer,* 240 F.3d 1287, 1291 n. 3 (10th Cir2001); *Freeman v. Arpaio,* 125 F.3d 732, 738 (9th Cir.1997)); *Barber v. Jones,* No. 12–2578, 2013 WL 211251, at *5 (D.N.J. Jan.18, 2013) (noting that general allegations of verbal abuse unaccompanied by injury or damage are not cognizable under § 1983). Thus, while such threats or taunts are deplorable, Plaintiff's allegations and claims related to these verbal threats against Crawford, without more are insufficient to state a § 1983 claim.[1] Accordingly, Plaintiff's claims against Crawford are dismissed without prejudice for failure to state a claim upon which relief may be granted.

D. Officer White

Plaintiff though does allege more than verbal taunts with respect to Officer White. Indeed, he alleges that Officer White pointed a gun at him and threatened to shoot him. At this early screening stage, this Court will permit Plaintiff's claim against White to proceed. *See, e.g.*, *Edwards v. Bayside State Prison*, No. 13-833, 2014 WL 6991463, at *6 (D.N.J. Dec. 10, 2014) ("[T]hreatening language coupled with the threatening use of a weapon and outrageous conduct by prison personnel may indicate a constitutional deprivation.") (citations omitted).

E. John Doe Correctional Officer

Finally, Plaintiff alleges that an unnamed correctional officer fractured his wrist when putting Plaintiff in handcuffs by twisting it even though Plaintiff was not resisting. Claims of excessive force against a defendant by a plaintiff who is a pretrial detainee are analyzed under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, because pretrial detainees are not properly subject to punishment, whether cruel and unusual or otherwise.

---

[1] This Court does not construe Plaintiff's complaint as raising a First Amendment retaliation claim against either Crawford or White. Should Plaintiff seek to raise such a claim, he is of course free to do so in any proposed amended complaint he may seek to file should he elect to do so.

*See Dean v. Gloucester Cty., No.* 13–5197, 2016 WL 818708, at *5 (D.N.J. Mar. 2, 2016) (citing *Tapp v. Proto*, 404 F. App'x 563, 566 (3d Cir. 2010)) (remaining citation and footnotes omitted). Courts apply an objective standard when considering a pretrial detainee's claim of excessive force. *See Jacobs v. Cumberland Cty.*, 8 F.4th 187, 194 (3d Cir. 2021) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015)). Thus, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. at 396-97. That objective test "turns on the 'facts and circumstances of each particular case.'" *Id.* at 397 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). "A court must make this determination from the prospective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* (citation omitted). Additionally, in *Kingsley*, the United States Supreme Court explained:

> A court must also account for the "legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained," appropriately deferring to "policies and practices that in th[e] judgment" of jail officials "are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 540, 547, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979).
>
> Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting. See, *e.g., Graham,* [490 U.S.] at 396, 109 S. Ct. 1865.

*Kingsley*, 576 U.S. at 397.

While relatively sparse, Plaintiff alleges sufficient facts to state a claim against this unnamed correctional officer under the excessive force standard applicable to pretrial detainees. This Court recognizes that not ever push or shove violates a plaintiff's constitutional rights. *See*

8

*Jacobs*, 4 F.4th at 195 (citations omitted). However, in this case, and at this early screening stage, Plaintiff's claim against this John Doe Correctional Officer shall be permitted to proceed past screening.

### V.     CONCLUSION

For the foregoing reasons, Plaintiff's claims against the Salem County Correctional Facility are dismissed with prejudice for failure to state a claim upon which relief may be granted. Plaintiff's claims related to his conditions of confinement and against Crawford, White and the John Doe Correctional Officer are dismissed without prejudice for failure to state a claim upon which relief may be granted. Plaintiff's claim against the unnamed John Doe Correctional Officer involved in the altercation with Plaintiff described in the complaint on December 5, 2022 shall be permitted to proceed as shall Plaintiff's claim related to Officer White's threats against Plaintiff using a firearm.

DATED: July 18, 2023                                         s/ Robert B. Kugler
                                                             ROBERT B. KUGLER
                                                             United States District Judge